1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   NEW YORK LIFE INSURANCE        )   Civil No. 06cv1022-B(BLM)
     COMPANY,                        )
12                                   )
                     Plaintiff,      )   **ORDER GRANTING MOTION FOR**
13   v.                              )   **SANCTIONS**
                                     )
14   ILDEFONSO MORALES, ALICIA A.    )   **[Doc. No. 124]**
     RUIZ de MORALES and JUAN JAVIER )
15   LOPEZ,                          )
                                     )
16                   Defendants.     )
     _____)

17

18          Presently before the Court are (1) the Morales Defendants'

19   Motion for Sanctions ("Sanctions Mot.") together with the June 3,

20   2008 Declaration of Barbara Richards [counsel for the Morales

21   Defendants] ("June 3rd Richards Decl."), (2) the declaration of J.

22   Manuel Sanchez [counsel for Defendant Lopez] in Opposition to

23   Sanctions ("Sanchez Decl."), and (3) the June 19, 2008 Declaration

24   of Barbara Richards in Response to Declaration of Manuel Sanchez

25   ("June 19th Richards Decl."). Doc. Nos. 123, 124 & 128. This

26   briefing was filed in response to this Court's determination that

27   Mr. Sanchez knowingly and intentionally failed to comply with this

28   Court's December 19, 2007 Order Setting Discovery Cut-Off and

1   Remaining Pretrial Dates and the Court's resulting invitation to the
2   parties to address the appropriate type and extent of sanctions to
3   be imposed.  <u>See</u> Doc. No. 121.  Upon completion of the briefing, the
4   matter was taken under submission pursuant to Civil Local Rule
5   7.1(d)(1).  <u>Id.</u>

6        Having reviewed the briefing submitted, and for the reasons
7   set forth below, the Morales Defendants' motion is **GRANTED**.

8                           **<u>BACKGROUND</u>**

9        This interpleader action was filed on May 10, 2006, to
10  determine the proper beneficiary of life insurance proceeds from a
11  policy on the life of Maria F. Lopez ("the decedent").  <u>See</u> Doc. No.
12  1.  The policy named the decedent's spouse, Defendant Juan Javier
13  Lopez, as the sole beneficiary.  <u>Id.</u> ¶ 7.  However, the decedent's
14  parents, Defendants Ildefonso Morales and Alicia A. Ruiz de Morales,
15  claim they are entitled to the insurance proceeds as their
16  daughter's heirs because Defendant Lopez was convicted by a Mexican
17  court of murdering their daughter.  <u>Id.</u> ¶ 8.  Defendant Lopez
18  remains incarcerated in Mexico as a result of this conviction.  <u>Id.</u>

19       Last year, Defendant Lopez and the Morales Defendants filed
20  cross-motions for summary judgment.  Doc. Nos. 26 & 44.  On November
21  20, 2007, the district judge denied both motions for summary
22  judgment [Doc. No. 86] and, in his subsequent written order,
23  instructed the parties that the case would be set for a bench trial
24  [Doc. No. 89, issued December 10, 2008].  In the same order, the
25  district judge authorized additional discovery, with deadlines to be
26  set by this Court.  Doc. No. 89.

27       This Court held a telephonic, attorneys-only case management
28  conference with attorneys Sanchez and Richards on December 3, 2007,

1   to discuss the additional discovery the parties needed to conduct
2   and the requisite scheduling.  <u>See</u> Doc. No. 87, 97.  During the
3   conference, attorney Sanchez represented to the Court that he wanted
4   to take a video-deposition of his client in the Mexican prison, and
5   possibly depose one or two other people.  However, Mr. Sanchez was
6   unable to provide specific information regarding how the prison
7   deposition would be conducted, nor how long he needed to make the
8   necessary arrangements.  Accordingly, the Court continued the
9   hearing to permit Mr. Sanchez to obtain that information.

10          On December 10, 2007, attorney Sanchez informed attorney
11  Richards and the Court's law clerk that he anticipated needing two
12  months to complete his client's deposition.  <u>See</u> Sanctions Mot. at
13  2.  Mr. Sanchez also filed a Status Report detailing the efforts he
14  had expended and indicating the discovery he might pursue.  Doc. No.
15  90.  In his written report, Mr. Sanchez did not request a specific
16  discovery deadline.  <u>Id.</u>

17          On December 19, 2007, this Court issued a new Case Management
18  Order, providing the parties with **three** additional months (more than
19  the two requested by Mr. Sanchez) to conduct discovery.  Doc. No.
20  92.  The scheduling order required the parties to complete discovery
21  by March 21, 2008 and defined "completed" as meaning that "all
22  discovery under Rules 30-36 of the Federal Rules of Civil Procedure,
23  and discovery subpoenas under Rule 45, must be initiated a
24  sufficient period of time in advance of the cut-off date, <u>so that it</u>
25  <u>may be completed by the cut-off date</u>, taking into account the times
26  for service, notice, and response as set forth in the Federal Rules
27  of Civil Procedure."  <u>Id.</u> (emphasis in original).

28  ///

1    On April 8, 2008, more than two weeks after the expiration of
2    the second discovery period, attorney Sanchez sent attorney Richards
3    a letter informing her that he would conduct Defendant Lopez'
4    videotaped deposition on April 14, 2008.  Sanchez Decl., Ex. Item 17
5    at 28; June 3rd Richards Decl. ¶ 3.  Attorney Richards responded the
6    same day with a letter objecting to the deposition on the grounds
7    that discovery had closed.  June 3rd Richards Decl., Ex. A.

8    Attorney Sanchez sent a responsive letter on April 9, 2008,
9    expressing concern because he understood attorney Richards to have
10   verbally agreed on March 19, 2008 to attorney Sanchez' proposal to
11   take his client's deposition "within the next two weeks."  Sanchez
12   Decl., Ex. Item 18 at 30.  He further stated that if attorney
13   Richards did not reconsider her position, he would "be forced to
14   file an emergent ex-parte motion with the court requesting a formal
15   order extending the Discovery cut-off date only as to [his] client's
16   video deposition."  Id.  Attorney Richards denies ever having agreed
17   to an extension of the March 21, 2008 discovery cut-off.  June 19th
18   Richards Decl. ¶ 2.

19   Attorney Sanchez did not thereafter seek the Court's leave to
20   conduct his client's deposition after the discovery cut-off date.[1]
21   In fact, he did not complete the deposition until April 14, 2008,

22

23   [1]   Despite the fact that this Court had conducted numerous hearings
24   addressing the parties' discovery issues and the potential difficulties
     associated with deposing defendant Lopez in a Mexican prison, attorney Sanchez
     never contacted the Court to request an extension of the discovery deadline due
25   to the difficulties he now claims he encountered.  Moreover, attorney Sanchez has
     not provided any letters, emails or correspondence with attorney Richards in
26   which he confirmed their alleged agreement.  And, attorney Sanchez did not
     contact this Court to request an extension of the applicable deadlines when
27   attorney Richards allegedly disavowed their agreement.  All of these facts
     support the Court's conclusion that attorney Sanchez knowingly and intentionally
28   violated the Court's discovery deadline order by deposing his client on April
     14th and that the imposition of sanctions is warranted.

1  which was well after the two-week extension of the March 21, 2008

2  discovery cut-off date, to which he contends attorney Richards

3  informally agreed.  See Sanchez Decl. at 2.

4          During a status hearing on May 27, 2008, this Court found

5  that sanctions were appropriate for attorney Sanchez' failure to

6  comply with this Court's December 19, 2007 Order Setting Discovery

7  Cut-Off and Remaining Pretrial Dates.  Doc. No. 121 (Order Following

8  Status Hearing Setting Deadlines).   The Court afforded both

9  attorneys an opportunity to address the type and extent of sanctions

10  to be imposed.  Id.

11                          **LEGAL STANDARD**

12          Dates set in a scheduling order only may be modified "for

13  good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4);

14  Doc. No. 92 (scheduling order stating that dates may be modified for

15  "good cause").   If a party fails to comply with the court's

16  scheduling order, the court may, on its own or on motion from a

17  party, impose any just sanction including those authorized by Rule

18  37(b)(2)(A)(ii)-(vii) of the Federal Rules of Civil Procedure.  Fed.

19  R. Civ. P. 16(f)(1); see also Wong v. Regents of Univ. of

20  California, 410 F.3d 1052, 1060 (9th Cir. 2005) (confirming that

21  "[t]he Federal Rules of Civil Procedure explicitly authorize the

22  establishment of schedules and deadlines, in Rule 16(b), and the

23  enforcement of those schedules by the imposition of sanctions, in

24  Rule 16(f)").  In addition to or in lieu of other sanctions, "the

25  court must order the party, its attorney, or both to pay the

26  reasonable expenses—including attorneys fees—incurred because of any

27  noncompliance" unless the noncompliance was "substantially justified

28  or other circumstances make an award of expenses unjust." Fed. R.

1   Civ. P. 16(f)(2); <u>Rodriquez v. Bimbo Bakeries, USA, Inc.</u>, 2007 WL

2   959027, *1-*2 (S.D. Cal. 2007) (awarding as a Rule 16(f) sanction

3   reasonable attorneys fees and costs incurred by opposing counsel as

4   a result of plaintiff's violation of a court order).

5                            **DISCUSSION**

6        It is undisputed that attorney Sanchez did not conduct

7   Defendant Lopez' deposition within the time frame set by this Court

8   for completing discovery.  However, attorney Sanchez argues that he

9   relied, ultimately to his detriment, on an oral agreement with

10  opposing counsel to extend the Court's March 21, 2008 discovery cut-

11  off date.  Sanchez Decl. at 2-3.  Attorney Richards disputes that

12  such an agreement ever existed and attorney Sanchez has not provided

13  this Court with any evidence, aside from his own unsupported

14  declaration, establishing the existence of such an agreement.

15  Absent some support, and in light of the contentious relationship

16  between counsel, this Court has no legitimate basis for concluding

17  that such an agreement was made.

18       Even if the parties had reached such an agreement, attorney

19  Sanchez violated the scheduling order because he did not obtain the

20  Court's consent to the alleged discovery deadline extension and

21  parties do not have the authority to unilaterally amend the Court's

22  scheduling order.  <u>See</u> Fed. R. Civ. P. 16(b)(4) (dates set in a

23  scheduling order may only be modified "for good cause and ***with the***

24  ***judge's consent***") (emphasis added).  Here, attorney Sanchez did not

25  submit a joint motion or other appropriate request to the Court

26  seeking an extension of the discovery deadline based upon the

27  parties' alleged agreement.  Moreover, when he reached an impasse

28  with attorney Richards regarding the extension, attorney Sanchez

1    informed opposing counsel that he would seek the Court's permission

2    if she did not agree to the extension (Sanchez Decl., Ex. Item 18 at

3    30), but he failed to pursue that option.   As a result, attorney

4    Sanchez never requested, and this Court never approved, an extension

5    of the March 21, 2008 discovery deadline.

6         Even now, attorney Sanchez has failed to establish good cause

7    for his failure to depose his client prior to the March 21, 2008

8    deadline.   In his declaration, attorney Sanchez claims he only had

9    three weeks — starting February 28, 2008 when the Court granted his

10   *ex parte* motion for video deposition — to make the myriad

11   arrangements necessary to conduct the deposition in the Mexican

12   prison.   Sanchez Decl. at 8.   He contends that this proved to be an

13   insufficient period of time in which to accomplish all of the

14   necessary tasks, despite his diligent efforts.   Id. at 9.   But,

15   attorney Sanchez' recitation of the facts is somewhat misleading.

16   Attorney Sanchez made clear during the December 3, 2008 case

17   management conference that he wanted to depose his client, but at

18   that time, could not provide the Court with any information as to

19   how he would conduct this deposition or how long it would take to

20   make the necessary arrangements.   The Court instructed attorney

21   Sanchez to investigate these issues and be prepared to provide

22   explanations during the conference on December 10, 2008.

23   Thereafter, attorney Sanchez filed a "Status Report" detailing the

24   steps he had taken, but the report did not set forth any specific

25   plan for proceeding or any estimate of the anticipated time frame.[2]

26

27         [2]   However, as previously noted, attorney Sanchez represented to
     attorney Richards and this Court's law clerk later in the day that he anticipated
28   needing two months to complete his client's deposition.

1   <u>See</u> Doc. No. 90.  The Court then gave attorney Sanchez three months

2   in which to complete Defendant Lopez' deposition.  Doc. No. 92.  As

3   a result, attorney Sanchez had three months, not three weeks, to

4   make the necessary arrangements.

5          Had attorney Sanchez been diligently preparing to depose his

6   client, the only arrangement left unresolved in February 2008 should

7   have been how attorney Richards would participate in the deposition

8   (via video-conference, telephonic conference, or subsequent written

9   questions).   Once the parties agreed, and the Court ruled on

10  February 28, 2008, that attorney Richards did not have to

11  participate in the oral deposition of defendant Lopez, and could

12  submit written questions after her review of the deposition

13  videotape and transcript, attorney Sanchez should have been ready to

14  immediately depose his client.  Under the existing scheduling order,

15  attorney Sanchez then had three weeks to depose his client,

16  utilizing the arrangements he previously should have made.[3]

17         Furthermore, to the extent there was a delay in resolving the

18  method by which attorney Richards could participate in defendant

19  Lopez' deposition, it was in large part due to attorney Sanchez' own

20  lack of diligence in determining the technological capabilities of

21  the prison.   The Rule 16 "good cause" standard focuses on the

22  "reasonable diligence" of the moving party.   <u>Noyes v. Kelly</u>

23

24         [3]   In his declaration, attorney Sanchez explains that in the weeks after
    the Court's February 28, 2008 hearing, he engaged in the following activities to
25  finalize his client's deposition: (1) making arrangements for a local court
    reporter, (2) coordinating with the warden of the prison, (3) obtaining a Mexican
26  Court Order with the names of the individuals authorized to attend the
    deposition, (4) retaining an actuario to personally serve the Mexican Court Order
    on the prison warden and actually effecting this service, and (5) making
27  arrangements for the actuario to be present during the deposition.  Sanchez Decl.
    at 8.  These arrangements were not contingent on how attorney Richards was going
28  to participate in the deposition.  As a result, they could have, and should have,
    been completed prior to the February 28, 2008 hearing.

1    Services, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker

2    Oats Company, 232 F.3d 1271, 1294 (9th Cir. 2000) (Rule 16(b)

3    scheduling order may be modified for "good cause" based primarily on

4    diligence of moving party).  Diligence should not be confused with

5    carelessness, which offers no reason for a grant of relief.  Johnson

6    v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

7    "If [the moving] party was not diligent, the inquiry should end."

8    Id.

9         Here, the Court instructed counsel to be prepared to present

10   facts and evidence at the February 22, 2008 hearing on Defendant

11   Lopez' motion confirming that it either would or would not be

12   possible to conduct a video-conferenced or telephonic deposition

13   from the prison and, if such a deposition were possible, exactly how

14   it would be done (what technology would be used, who would initiate

15   the call, etc.).  At the hearing, attorney Sanchez was not able to

16   provide the Court with any evidence as to whether or not the prison

17   had any internet or telephone capabilities, so the Court found it

18   necessary to continue the hearing to February 28, 2008, to allow

19   time for counsel to garner additional factual and legal evidence.

20   Doc. No. 103.  Again on February 28, 2008, attorney Lopez was unable

21   to confirm whether or not the prison had the technology necessary

22   for attorney Richards to participate by video-conference or

23   telephone.  But regardless, since the Court ultimately approved a

24   procedure wherein attorney Sanchez would videotape his client's

25   deposition and then arrange for his client to respond to written

26   interrogatories prepared by attorney Richards after she viewed the

27   video (see Doc. No. 106), very few, if any, additional arrangements

28   should have been necessary to effect the deposition after the

hearing and order on February 28, 2008.  In other words, had attorney Sanchez acted diligently in making all of the arrangements for the deposition during the preceding two months and in procuring the information the Court required regarding the prison's internet and telephone capabilities, he could have completed the deposition and responded to attorney Richards' written interrogatories within the time frame the Court set for completing discovery.  His failure to do so demonstrates that, even if attorney Sanchez had properly sought the Court's leave to amend the scheduling order, he would not have been able to demonstrate good cause for granting his request.

However, regardless of the length of the discovery period and the difficulties experienced, if Mr. Sanchez determined he did not have sufficient time to depose his client, the correct response was to contact the Court, provide "good cause" supporting his request, and request the Court to extend the discovery deadline.  Fed. R. Civ. P. 16(b)(4).  Mr. Sanchez chose not to do so.  Instead, Mr. Sanchez ignored this Court's scheduling order, declined to comply with the Federal Rules of Civil Procedure, and deposed his client well after the discovery deadline.  As a result, he knowingly and intentionally violated this Court's order.

The question then, is the proper remedy for attorney Sanchez' violation of this Court's order.[4]  The Federal Rules provide that it is appropriate for the court to order an attorney to pay as a

---

[4]     In her motion, attorney Richards argues that exclusion of the untimely deposition is an appropriate remedy for attorney Sanchez' violation of this Court's order.  Sanctions Mot. at 4-5.  However, the trial judge apparently rejected this sanction when he continued the pretrial conference and directed the parties to complete discovery.  Transcript of May 14, 2008 hearing, Doc. No. 117.  Because this sanction affects trial evidence, the Court defers to the trial judge.  Attorney Richards' alternative request was for a monetary sanction (Sanctions Mot. at 5-6) and the Court, therefore, addresses that request only.

1  sanction opposing counsel's reasonable expenses, including
2  attorney's fees, incurred because of the attorney's noncompliance
3  with a court order.   Fed. R. Civ. P. 16(f)(2); see also Martin
4  Family Trust v. Heco/Nostalgia Enter. Co., 186 F.R.D. 601, 604 n.4
5  (E.D. Cal. 1999) (quoting Matter of Baker, 744 F.2d 1438, 1442 (10th
6  Cir. 1984)) (under Rule 16, "[i]f the fault lies with the attorneys,
7  that is where the impact of sanction should be lodged").   Such an
8  award is mandatory "unless the noncompliance was substantially
9  justified or other circumstances make an award of expenses unjust."
10  Id.  As explained previously, the Court finds that attorney Sanchez'
11  failure to comply was due to his own lack of diligence, so his
12  noncompliance was not substantially justified.   Moreover, as
13  explained more fully in her declaration, attorney Richards has had
14  to undertake significant legal work as a result of attorney Sanchez'
15  actions that now will have to be redone to incorporate discovery and
16  legal arguments related to Defendant Lopez' deposition[5] (e.g. she
17  prepared the Morales Defendants' memorandum of contentions of fact
18  and law, reviewed Defendant Lopez' late-filed memorandum of
19  contentions of fact and law, prepared a proposed pretrial order, met
20  and conferred regarding the proposed pretrial order, and appeared at
21  the pretrial conference).   June 3rd Richards Decl. at 2.  The Court
22  finds that this makes an award that compensates attorney Richards
23  for her efforts just.   See Fed. R. Civ. P. 16 Advisory Committee
24  Notes (1983 Amendment) ("the court has discretion to impose
25
26  _____
        [5]     During the pretrial conference, Judge Brewster suggested that the
27  parties may need to revise the pretrial filings, including the proposed pretrial
    order, in light of the additional discovery pertaining to Defendant Lopez and he
    also directed counsel to contact his chambers when they were ready for another
28  pretrial conference.  Doc. 117 at 15-25 (Transcript of May 14, 2008 pretrial
    conference before Judge Brewster).

1    whichever   sanction   it   feels   is   appropriate   under   the
2    circumstances").

3          Attorney Richards requests compensatory sanctions in the
4    amount of $3,000, which represents twelve hours of work at her
5    hourly billing rate of $250.   Id.   Determination of whether
6    attorney's fees are reasonable typically involves calculating the
7    number of hours reasonably expended on the litigation multiplied by
8    a reasonable hourly rate.   Hensley v. Eckerhart, 461 U.S. 424,
9    433-434 (1983).   "The calculation of the amount of a 'reasonable
10   attorney's fee' is not a precise science," Green v. Baca, 225 F.R.D.
11   612, 614-615 (C.D. Cal. 2005), and the Supreme Court has repeatedly
12   reemphasized that discretion to determine the amount of a fee award
13   lies with the district court, Hensley, 461 U.S. at 437.   In this
14   case, attorney Richards explains that the twelve hours consisted of
15   time spent preparing a memorandum of contentions of fact and law,
16   reviewing Defendant Lopez' memorandum, reviewing and comparing a
17   second late-filed "amended" memorandum, preparing a proposed
18   pretrial order, reviewing Defendant Lopez' proposed pretrial order
19   and meeting and conferring about the same, responding to Defendant
20   Lopez' ex parte request for extension of time for the pretrial
21   conference, and appearing at the pretrial conference.   June 3rd
22   Richards Decl. ¶ 4.   Given the large volume of work this entails,
23   the Court finds twelve hours to be a reasonable amount of time.   A
24   billing rate of $250 per hour is reasonable for an experienced
25   attorney in the San Diego market, so the Court also finds attorney
26   Richards' billing rate to be appropriate.   Furthermore, the Court
27   notes that attorney Sanchez has not objected to the amount of
28   attorney Richards' fee request.   Therefore, the Court finds it

1  appropriate to sanction attorney Sanchez in the amount of $3,000,

2  payable to attorney Richards as compensation for expenditures

3  stemming from attorney Sanchez' failure to comply with the Court's

4  order.

5  <u>**CONCLUSION**</u>

6  For the foregoing reasons, the Morales Defendants' motion for

7  sanctions is **GRANTED**. Attorney Sanchez is hereby ordered to

8  reimburse attorney Richards in the amount of <u>**$3,000**</u> on or before

9  <u>**July 17, 2008**</u>, and to file a declaration verifying said payment by

10  <u>**July 23, 2008**</u>. Failure to comply with this Order may result in the

11  imposition of additional sanctions.

12  **IT IS SO ORDERED.**

13  DATED:  July 2, 2008

14

15  BARBARA L. MAJOR
   United States Magistrate Judge

16

17

18

19  COPY TO:

20  HONORABLE RUDI M. BREWSTER
   UNITED STATES DISTRICT JUDGE

21

22  ALL COUNSEL AND PARTIES

23

24

25

26

27

28

-13-                                                  06cv1022-B (BLM)